UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE D. LEGANT,
          Plaintiff,

-against-               06-CV-1271

CHASE BANK USA, N.A.,

          Defendant.
_____

THOMAS J. McAVOY,
Senior United States District Judge

### DECISION & ORDER

**I. INTRODUCTION**

 Plaintiff commenced this action *pro se* in New York State County Court, Broome County, alleging, *inter alia*, that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* See Compl. ¶¶ 5-18 (attached to Notice of Removal), dkt. # 1. Defendant removed the action to this Court asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. See Not. of Removal, ¶ 3. Plaintiff now moves to remand the action to state court on the grounds that this Court lacks subject matter jurisdiction over the action. See Mot. [dkt. # 8]. Plaintiff also seeks sanctions against Defendant pursuant to Fed. R. Civ. P. 11, alleging that Defendant improperly removed the action. Plaintiff's motion must be denied in all respects.

**II. DISCUSSION**

 A case may be removed to federal court if it could have been filed in federal court in the first instance. 28 U.S.C. § 1441(a); Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003). A

1

federal district court has subject matter jurisdiction over matters arising under the laws of the United States, see 28 U.S.C. § 1331, otherwise referred to as federal question jurisdiction. Federal question jurisdiction exists when "federal law creates the cause of action" or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9, 27-28 (1983). Whether a federal question is pleaded in an action is determined by the "well-pleaded complaint" doctrine. D'Alessio v. New York Stock Exchange, 258 F.3d 93, 100 (2d Cir. 2001). This requires the Court to look merely to the claims pleaded by the Plaintiff. Id.

Here, Plaintiff's Complaint explicitly pleads a cause of action arising under the Federal Truth in Lending Act. See Compl. ¶¶ 5-18. Thus, the Complaint raises a federal question and, accordingly, removal was proper. See 28 U.S.C. § 1441(a). Because removal was proper, there is no basis for Rule 11 sanctions. See Fed. R. Civ. P. 11.

**III.  CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand the action to state court, and for sanctions against Defendant [dkt. # 8], is **DENIED**.

**IT IS SO ORDERED**
DATED:  May 15, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge