UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE D. LEGANT,

                                        Plaintiff,

            v.                                       3:06-cv-1271
CHASE BANK USA, N.A.,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action asserting violations of the Truth in Lending Act, breach of contract, and violations of his constitutional rights.  Presently before the Court is Defendant's motion to dismiss the Third Cause of Action alleging a violation of Defendant's due process rights.

## I.      FACTS

Plaintiff entered into a consumer credit contract with Defendant whereby Defendant provided Plaintiff with a revolving credit account.  The Complaint alleges that Defendant wrongfully reported to credit reporting agencies that Plaintiff was delinquent on the contract. The Complaint further alleges that Defendant "ignored and disregarded the Truth in Lending Act, U.S.C. § 1601 et seq. ('TILA'), provisions by proceeding with collection efforts by filing a Claim with the National Arbitration Forum ('Forum')."  Compl. at ¶ 16.  Plaintiff contends that, because Defendant resorted to pursuing its claim with the National Arbitration Forum, he was

deprived of his right to use the courts as a means to resolve the dispute and to his right to a trial by jury.  According to Plaintiff, this violated his right to due process of law.

## II.        DISCUSSION

Defendant moves to dismiss the Third Cause of Action on the ground that Plaintiff has failed to state a claim that it acted under color of state law or that he has adequately alleged the deprivation of a constitutional right.

Section 1983 of Title 42 of the United States Code provides a mechanism by which persons may seek redress for a violation of their constitutional rights.  See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004).  "To establish a constitutional violation under § 1983, plaintiffs must demonstrate that (1) defendants were acting under color of state law at the time of the alleged malicious prosecution; and (2) the action was a deprivation of a constitutional or federal statutory right."  Id.  "[L]iability [under § 1983] attaches only when the constitutional deprivation is the result of state action. . . ."  Pabon v. Wright, 459 F.3d 241, 249 (2d Cir. 2006); see also Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999) (noting that the plaintiff "had to proffer evidence that [defendant] was a state actor.").

Here, Defendant is a private entity.  The Complaint fails to allege any facts suggesting that Defendant's conduct was the product of a plan, prearrangement, or conspiracy with state officials to deprive Plaintiff of any rights secured by the Constitution or laws of the United States.  Ginsberg, 189 F.3d at 271.  Stated otherwise, the Complaint make no hint or allegation of joint action between Defendant and the state.  Ciambriello, 292 F.3d at 324.  While Plaintiff argues that Defendant was empowered to act as it did by virtue

of the Federal Arbitration Act, that is insufficient to establish willful joint action between Defendant and the state (or federal) government.

**III.     CONCLUSION**

      For the foregoing reasons, Plaintiff's Third Cause of Action is DISMISSED.

IT IS SO ORDERED.

Dated:     August 9, 2007

Thomas J. McAvoy
Senior, U.S. District Judge